UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROSALINN I. HARDY,

      Plaintiff,

   v.

AMRIZE BUILDING ENVELOPE
LLC d/b/a DUROLAST,

      Defendant.

                                     /

Case No.:

Honorable:

## NOTICE OF REMOVAL

Defendant Amrize Building Envelope LLC ("Amrize") files this Notice of Removal to remove this action from the Circuit Court for the County of Saginaw, Michigan to the United States District Court for the Eastern District of Michigan. The grounds for removal are as follows:

1.     On October 23, 2025, Plaintiff filed a civil action in the Circuit Court for the County of Saginaw, Michigan, titled *Rosalinn I. Hardy v. Amrise Envelope LLC d/b/a, Durolast*,[1] identified in that court as Case No. 25-002376-CD (the "State Court Action").

---

[1] Defendant's correct name is Amrize Building Envelope LLC.

2.      On October 30, 2025, Plaintiff filed her First Amended Complaint and Reliance on Prior Demand for Trial by Jury (the "First Amended Complaint") in the State Court Action.

3.      On November 24, 2025, Amrize received, via certified mail, the Summons and First Amended Complaint.  (Ex. 1).

4.      The Summons and First Amended Complaint constitute all process, pleadings, and orders served on Amrize in the State Court Action.

5.      District courts have original jurisdiction of all civil actions in which (1) the parties are citizens of different States and (2) the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

6.      This action is between citizens of different states:

   a.   Plaintiff alleges that she is a resident of the State of Michigan. (Ex. 1, ¶ 1).

   b.   Amrize is a limited liability company organized in the State of Indiana, *id.*, ¶ 2, and headquartered in the State of Tennessee.

   c.   Because Plaintiff is a citizen of Michigan and Amrize is a citizen of Indiana, there is complete diversity between the parties.

7.      Plaintiff alleges that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  (*Id.*, ¶¶ 36, 51).  This lawsuit therefore satisfies the amount in controversy requirement for federal diversity jurisdiction.

8. Because complete diversity of citizenship exists between Plaintiff and Amrize, and because the amount in controversy exceeds $75,000, the Court has original jurisdiction over this matter and it may therefore be removed to this Court under 28 U.S.C. § 1441.

9. Amrize timely filed this Notice of Removal within 30 days of its initial receipt, by service, of the Summons and First Amended Complaint in the State Court Action.  28 U.S.C.  § 1446(b)(1).

10. The United States District Court for the Eastern District of Michigan is the district court for the judicial district within which the State Court Action is pending.

11. Promptly after Amrize files this Notice of Removal, it will give written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the clerk of the State Court.  (Ex. 2).

MILLER JOHNSON
*Attorneys for Defendant*

Dated:  December 18, 2025        By:   */s/ Matthew M. O'Rourke*
Matthew M. O'Rourke (P79019)
Erica L. Quigley (P84498)
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
orourkem@millerjohnson.com
quigleye@millerjohnson.com

3

## CERTIFICATE OF SERVICE

I CERTIFY that on December 18, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.


Dated:  December 18, 2025                */s/ Matthew M. O'Rourke*
                                        Matthew M. O'Rourke (P79019)

4

# EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ROSALINN I. HARDY,

      Plaintiff,

v.

AMRISE ENVELOPE LLC d/b/a, DUROLAST

      Defendant.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO (P34564)
VICTOR (TREY) MASTROMARCO III
(P86871)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
tmastromarco@mastromarcofirm.com
_____/

Case No. 25-002376-CD
Hon. Manvel Trice III (P63072)

**CIRCUIT COURT RECORDS OFFICE**
**SAGINAW, MICHIGAN**
**FILED**

**October 30, 2025**

**VANESSA GUERRA**
**SAGINAW COUNTY CLERK**

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND RELIANCE ON PRIOR DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ROSALINN I. HARDY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, AMRIZE BUILDING ENVELOPE LLC, (D.B.A. "Duro-Last") stating more fully as follows:

### COMMON ALLEGATIONS

1. That at all times material hereto, the Plaintiff is a resident of County of Bay, State of Michigan, and otherwise resides in the State of Michigan.

2. That at all times material hereto, Defendant AMRIZE BUILDING ENVELOPE LLC (hereinafter "Defendant" or "Amrize") is a Foreign Limited Liability Company organized under the laws of Indiana, doing business in the County of Saginaw, State of Michigan.

3. That Defendant Amrize was formerly known as Holcim Solutions and Products US, LLC, and Firestone Building Products Company LLC.

4. That Plaintiffs complaint against Amrize is against all businesses it was formerly known as and currently does business as.

5. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

6. That this Honorable Court has Subject Matter Jurisdiction over these State claims.

7. That Plaintiff began working for JRB Personnel d/b/a Duro-last as a Buyer for Transactional Purchases, warehouse, apparel, and packaging on or about September 12, 2016.

8. That through the course of her employment, Plaintiff exceeded at her position as evidenced by her many satisfactory or above-satisfactory performance evaluations.

9. That in 2017, Roseann George was named the Director of Purchasing.

10. That in September of 2018, Plaintiff was promoted to Senior Buyer.

11. That in 2023, JRB Personnel and its various subsidiaries were purchased by Holcim.

12. That in November of 2023, as part of her duties, Plaintiff was made the Innovation Project Manager for purchasing working with Research and Development department on a new project which launched in January of 2025.

13. That in April of 2024, Plaintiff's then direct supervisor Roseann George left the company.

14. That after Roseann George's departure, Plaintiff reported to Mike Tracey, VP of Operations.

15. That in May of 2024, Plaintiff was promoted to Commodity Manager with one buyer reporting directly to her.

16. That in July of 2024, Defendant named Aaron Smith as the Director of Purchasing.

17. That in March of 2025, Aaron smith was released as the Director of Purchasing.

18. That Andres Koberski ("Koberski") was transferred and became Plaintiff's direct supervisor.

19. That in May of 2025 during a meeting with Koberski, Plaintiff expressed interest to Koberski in an open Product Manager position.

20. That during said meeting, Koberski encouraged Plaintiff to engage in leadership roles and potentially posture herself for the directorship he held, as he had a informed Plaintiff of his plans to return to Argentina in the next two-to-five years.

21. That during her review period, and specifically in June and July of 2025, Plaintiff experienced irregularities with her performance appraisal process, in that she did not receive one for mid-year 2025.

22. That Plaintiff's position was hybrid in that she would typically work four days in office and one day from home.

23. That Plaintiff was asked to be in office on August 28, 2025.

24. That also on August 28, 2025, Koberski texted Plaintiff informing her that the 8:30 A.M. in person team meeting had been cancelled, informing Plaintiff he needed to speak with her at some point that day, and set up a meeting for 12:15 P.M.

25. That Plaintiff received a text at approximately 12:15 P.M. asking her

to come to Conference Room 115; when she arrived Koberski and Flora Standfield—director of Human Resources—were present.

26. Immediately at the meeting, Koberski informed Plaintiff she was being let go, informing Plaintiff that she was "not Amrize material," or words to that effect.

27. Flora Standfield then informed Plaintiff they had prepared a severance package and pressured the Plaintiff into signing a release of liability. Flora Standfield informed Plaintiff she could "not leave until the termination documents were signed" or words to that effect.

28. Plaintiff informed Flora Standfield and Koberski that she was not in the state of mind to review the entire release and severance package, and told her she would have until September 4, 2025 to review and sign the packet to be able to receive the severance.

29. That the Older Workers Benefit Protection Act ("OWBPA") mandates that an employee be given at least twenty-one (21) days to consider any waiver of their potential rights under relevant discrimination laws.

30. That, evidencing their discriminatory animus, Defendant only provided Plaintiff seven (7) days to consider said severance and release.

31. That, on information and belief, just five (5) calendar days after Plaintiff's termination, and on September 2, 2025, Defendant and/or its relevant subsidiaries hired Eric Schmitz (Schmitz) to replace Plaintiff.

32. That on information and belief, Plaintiff's replacement Schmitz is an approximately 35-year-old Male, hence falling outside Plaintiff's protected classes, age and gender.

33. That Defendants actions constitute age and gender discrimination in violation of the Michigan Elliott Larsen Civil Rights Act

34.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages including, but not limited to, lost wages, back pay, front pay, promotions, raises, bonuses, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, lost investment opportunities, employer contributions, retirement benefits, and any and all other compensation and benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

35.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages including, but not limited to, emotional distress, mental anguish, shock, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

36.     That the Plaintiff hereby claims the costs of litigation, including reasonable attorney fee and witness fees pursuant to MCL 37.2801 and MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT I & II AGE AND SEX DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT

37.     That Plaintiff hereby incorporates by reference all the allegations contained in her common allegations, word for word, paragraph for paragraph, as if fully restated herein.

38.     That the Elliott Larsen Civil Rights Act ("ELCRA") makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to employment,

compensation, or a term condition, or privilege of employment, because of age and sex. MCL 37.2202(1)(a).

39. That at all times material hereto, Defendant was and is an employer as defined by the Act. MCL 37.2201(a).

40. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of her age, fifty-five (55) years old, and sex, female.

41. That at all times material hereto, Plaintiff was and is qualified for the position she held.

42. That defendant took adverse action and discriminated against Plaintiff because of her protected characteristics by terminating her employment.

43. That Defendant took adverse action and discriminated against Plaintiff based on her protected characteristics by failing to promote her.

44. That Defendant took adverse action and discriminated against Plaintiff based on her protected characteristics by failing to recruit her to a different position.

45. That Plaintiff suffered said adverse employment action under circumstances that give rise to an inference of age and sex discrimination.

46. That any reasons proffered by Defendant for terminating Plaintiff's employment are pretextual in nature.

47. That any reasons proffered by Defendant for terminating the Plaintiff's employment are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

48. That Defendant's actions constitute age and/or sex discrimination in violation of the ELCRA.

49. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages including, but not limited to, lost wages, back pay, front pay, promotions, raises, bonuses, health, dental, vision, and/or life insurance benefits, short-term and/or long-term disability benefits, lost investment opportunities, employer contributions, retirement benefits, and any and all other compensation and benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

50. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages including, but not limited to, emotional distress, mental anguish, shock, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

51. That the Plaintiff hereby claims the costs of litigation, including reasonable attorney fee and witness fees pursuant to MCL 37.2801 and MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: October 30, 2025     By:

VICTOR (TREY) MASTROMARCO III
(P86871)
VICTOR J. MASTROMARCO JR (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
tmastromarco@mastromarcofirm.com
vmastromarco@mastromarcofirm.com

## PLAINTIFF'S RELIANCE ON PRIOR DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, ROSALINN I. HARDY by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: October 3(). 2025     By

VICTOR (TREY) MASTROMARCO III
(P86871)
VICTOR J. MASTROMARCO JR (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
tmastromarco@mastromarcofirm.com
vmastromarco@mastromarcofirm.com

# EXHIBIT 2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

ROSALINN I. HARDY,

        Plaintiff,

v.

AMRIZE BUILDING ENVELOPE LLC
d/b/a DURO-LAST,

        Defendant.

Case No. 25-002376-CD

Hon. Manvel Trice III

| | |
|---|---|
| Victor J. Mastromarco (P34564) | Matthew M. O'Rourke (P79019) |
| Victor (Trey) Mastromarco, III (P86871) | Erica L. Quigley (P84498) |
| THE MASTROMARCO FIRM | MILLER JOHNSON |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Avenue | 45 Ottawa Avenue, SW, Suite 1100 |
| Saginaw, MI 48602 | Grand Rapids, MI 49503 |
| (989) 752-1414 | (616) 831-1700 |
| vmastromarco@mastromarcofirm.com | orourkem@millerjohnson.com |
| tmastromarco@mastromarcofirm.com | quigleye@millerjohnson.com |

## **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on December 18, 2025, Defendant Amrize Building Envelope LLC filed in the United States District Court for the Eastern District of Michigan its Notice of Removal. A copy of the Notice of Removal is attached as **Exhibit 1**.

Under 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

2

Dated: December 18, 2025                    MILLER JOHNSON
                                            *Attorneys for Defendant*


                                    By:    */s/ Matthew M. O'Rourke*
                                           Matthew M. O'Rourke (P79019)
                                           Erica L. Quigley (P84498)
                                           45 Ottawa Avenue, SW, Suite 1100
                                           Grand Rapids, MI 49503
                                           (616) 831-1700
                                           orourkem@millerjohnson.com
                                           quigleye@millerjohnson.com